## Zimmerman's Estate.

*Decedents' estates—Sale of land—Revised Price Act of June 7, 1917—Executors and administrators.*

1. The Revised Price Act of June 7, 1917, P. L. 388, has no reference to or connection with the administration of decedents' estates.

2. An administrator has no standing to petition the Orphans' Court for leave to sell real estate where there are no debts and the purpose of the sale is stated to be for the best interests of the minor heirs of the decedent.

Petition to sell real estate. O. C. Schuylkill Co.

WILHELM, P. J., June 6, 1927.—This is the petition of George W. Zimmerman and Nelson H. Zimmerman, administrators of the estate of Rebecca J. Zimmerman, deceased, praying the court to authorize them, as administrators, under the provisions of the Revised Price Act of 1917, to expose at public sale the real estate described in the petition.

The petition sets out that the assessed valuation of the real estate is $1800; that the house situated thereon is in need of repair, and there are no assets in the estate of the decedent to defray the expenses of repair; that there are two granddaughters of the decedent, and a grandson, who are minors and have no guardian; and that each of said minors has a one-eighty-eighth interest in said real estate, and that it would be to the interest and advantage of said minors, as well as the other parties in interest, to expose to public sale said real estate.

The petition does not set forth that it is necessary to sell the real estate for the payment of debts, and if it did contain such an allegation, the sale could not be made under the Revised Price Act, which has no reference to or connection with the administration of decedents' estates. It was not passed for that purpose and cannot in any sense be regarded as *pari materia* with the Fiduciaries Act of 1917.

Administrators have no interest in the land of their decedent except in such cases as are given them by statute.

The primary duty of an administrator is limited to personal property as indicated by the act of assembly, the oath he is required to take and the condition of the bond he files. In case it becomes necessary to sell real estate for the payment of debts, the law permits him to petition the court for that purpose. He has no authority to sell real estate for any other than administrative purposes, and this has always been the policy of the law; and the Revised Price Act, which in large measure is a codification of the original Price Act, does not give to administrators power to petition for a sale of real estate because such a sale would be for the best interest of the parties concerned.

It will be noted that this is an attempt by administrators to sell the land of minors who have no guardian, and who, therefore, could not be bound by an order of sale, and an attempt to sell the land of adults by and with their consent under the Price Act, which does not give administrators, in their administrative capacity, the authority to sell the land of their decedent.

A sale made under this petition would not convey good title; therefore, should not be authorized: Spencer *v.* Jennings, 123 Pa. 184.

The petition is dismissed.          From M. M. Burke, Shenandoah, Pa.